PHILLIP A. TALBERT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:21-MC-00182-TLN-KJN |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $10,800.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On February 4, 2021, agents with the Federal Bureau of Investigation ("FBI") executed a federal seizure warrant at 5600 Wilshire Blvd, #321, the residence of Nick Shkolnik ("Shkolnik"). Approximately $10,800.00 in U.S. Currency ("defendant currency") was seized from Shkolnik during execution of the seizure warrant.

2. The FBI commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about April 27, 2021, the FBI received a claim from Shkolnik asserting an ownership interest in the defendant currency.

3. The United States represents that it could show at a forfeiture trial that since at least 2017, the California Department of Justice, Bureau of Gambling Control ("BOC") and the Federal Bureau of Investigation ("FBI") investigated several organizations run by Israeli nationals that were involved in

1

illegal gambling in the Eastern and Northern Districts of California. These investigations have led to arrests and convictions for violations of 18 U.S.C. §§ 1955 (illegal gambling) and 1956 & 1957 (money laundering). These organizations controlled illegal video slot machines placed in small Northern California retail stores such as markets, gas stations, liquor stores, and smoke shops. The machines operated like traditional slot machines found in legal and regulated tribal casinos or in Nevada where such machines are legal. They had bill acceptors and games of chance such as Poker, Keno, Cherry Master and Lucky-8 Lines. Winners were paid out by the store, which was in turn reimbursed by the organization. The organizations and the stores split the cash revenues.

4. The BGC and FBI has been investigating an organization for managing a network of illegal video slot machines in the California Central Valley, Greater Los Angeles, and the San Francisco Bay Area. In addition to gambling machines, this organization also used online gambling applications, including RiverSweeps, Vegas-X, and River Monster, which allowed customers to gamble on their mobile devices and computers. This organization and the stores shared revenue generated from illegal gambling either by splitting the cash proceeds or by paying the business owner a monthly rental fee to keep gambling machines on the premises.

5. The United States represents that it could further show at a forfeiture trial that the organization worked with co-conspirators, including Nick Shkolnik and others, to help collect cash from these store owners. It was common for a co-conspirator to collect $20,000 to $30,000 per week in cash.

6. The United States represents that it could further show on February 4, 2021, agents with the FBI executed a federal warrant at the claimant's home and seized the defendant currency pursuant to the federal warrant.

7. The United States represents that it could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) and 981 (a)(1)(C).

8. Without admitting the truth of the factual assertions contained in this stipulation, claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant currency. Nick Shkolnik hereby acknowledges that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity

institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States, as set forth below.

9. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

10. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized as proceeds from illegal gambling machines located in this district.

11. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of the Consent Judgment of Forfeiture, $5,400.00 of the Approximately $10,800.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) and 981 (a)(1)(C), to be disposed of according to law.

3. Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, $5,400.00 of the Approximately $10,800.00 in U.S. Currency shall be returned to claimant Nick Shkolnik through his attorney Victor Sherman.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  The parties waived the provisions of California Civil Code § 1542.

5. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

Consent Judgment of Forfeiture

6. All parties will bear their own costs and attorney's fees.

7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

DATED: February 10, 2022

_____
Troy L. Nunley
United States District Judge